**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-09710 |
| SAULIUS BERNOTAS ) | |
| ) | Adversary No. 09-00586 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____) | |
| ) | |
| ANTHONY STELMOKAS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SAULIUS BERNOTAS ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO AMENDED COMPLAINT OBJECTING TO
DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523(a)(2)**

NOW COMES SAULIUS BERNOTAS, by and through his attorneys, the Modestas Law Offices, and in support states as follows:

1. This court has jurisdiction over the subject matter of this complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §1334 and 157(b)(2)(1) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt.

**Defendant admits to the allegations in paragraph #1.**

2. This court has fixed July 14, 2009 as the last day to file a Complaint to Object to the Discharge of Debtor under U.S.C. §727 and to Determine Dischargeability of Debt under U.S.C. §523. This Complaint, therefore, has been timely filed.

**Defendant admits to the allegations in paragraph #2.**

3. Saulius Bernotas filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Code") in this court on March 21, 2009.

**Defendant admits to the allegations in paragraph #3.**

4. The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 1001 State Street, Apt. #3, Lemont, IL

60439 which constitutes either the Debtor's dwelling house or usual place of abode. This address is taken off of debtor's B9 A Notice of Bankruptcy Petition as being his present dwelling house address.

**Defendant admits that is his address but denies service was proper as it is believed service was executed by ANTHONY STELMOKAS, Pro Se Plaintiff. He is a party and only a non-party over 18 years old may serve a Summons.**

5.      Plaintiff is a creditor of Debtor with claim in excess of $8,200. Plaintiff's claims against the Debtor are evidenced by:

**Defendant admits Plaintiff was listed as a disputed creditor in his schedules but denies the validity of his claim in paragraph #5.**

a. On 5-31-05, Debtor and Plaintiff entered into an agreement whereby Plaintiff would give Debtor a 2 month term loan, as evidenced by Debtor's check number 536, attached hereto as Exhibit A.

**Defendant admits the allegations in paragraph #5(a).**

b.1. Terms of the loan as secured by the above check were: Principal amount of $6,674. in cash, as extended:

**Defendant denies the allegations in paragraph #5b1.**

b2. Loan payback on 8-1-05 by either a direct cash payment of $7,207. which includes contracted interest, or, the depositing of subject check by plaintiff on said payable date.

**Defendant admits the allegation in paragraph #5b2.**

b3. Debtor averred to plaintiff upon execution of said loan that funds would be available on the due date. Plaintiff relied on both the oral and written representations that payment would be made on due date to plaintiff by either/or means.

**Defendant denies the allegation in paragraph #5b3.**

b4. Debtor did not pay amount due on payable date, and plaintiff proceeded to deposit said check into his bank account but check was returned unpaid due to Not Sufficient Funds.

**Defendant can neither admit nor deny the allegation in paragraph #5b4 as he has insufficient information as to Plaintiff's personal banking matters.**

      c. Upon dishonor, the plaintiff initiated a breach of contract action on the check under 05 M1-159684 for damages in the amount of $7,207. plus treble damages and costs.

      1. On November 14, 2005, prior to trial, plaintiff and debtor negotiated and reached another agreement whereby an order dismissing said case pursuant to a payment be entered. The agreed to sum was $8,200. to be repaid monthly in $820. increments.

      **Defendant denies the allegation that there was a negotiation prior to the order being entered.**

      2. Debtor did not make any payments. On plaintiff's motion, with debtor on notice, the court reinstated the case and granted judgment to creditor in amount of $8,200. on April 13, 2006 plus costs and interest accruing.

      **Defendant admits he did not make any payment before that date but has insufficient information to admit or deny the remaining allegations. To the extent an answer is required, he denies the allegations.**

      3. On information and belief, debtor has made just one payment of $600. towards the pay-off of said judgment on 6-13-06.

      **Defendant denies the allegations in paragraph 5c3.**

      6.    Based on the above rendition, plaintiff claims that res judicata applies, since the requisite elements are present: there was a final judgment on the merits; rendered by an Illinois court of competent jurisdiction; occurring between the same parties; and is based on the same cause of action as the action before this court. As such, this court lacks jurisdiction to overturn this judgment.

      **Defendant denies the allegations in paragraph 6.**

      7.    On information and belief, debtor was gainfully employed by Skyway Transportation Corp.("Skyway"), Chicago, Il. as a commercial truck driver for the period 3-22-06 through 12-2-8. Copy of check number 2357 taken together with debtor's ID at the time, is attached.

      a. Debtor's monthly income is approximated by plaintiff to be $4,000. based on the subject check above and others cashed by plaintiff. This is in addition to the $13,764. average yearly income for this same period that debtor had listed in his

Statement of Financial Affairs in paragraph 1 and 2. Debtor does not list his Skyway income.

**Defendant admits the allegation in paragraph #7a that he worked at Skyway but is unable to admit or deny the remainder of the allegations as they are poorly drafted and incoherent, but to the extent an answer is required, he denies them.**

b. On information provided by Remigijus Niuklys, owner/president of Skyway, debtor moved to Lithuania for a 6 month period in 2008.

**Defendant admits to visiting Lithuania in 2008 but denies the remaining allegations in paragraph #7b.**

c. In the intervening 4 years between the initial contract/loan date and the petition date, only one payment has been made. Debtor had ample opportunity to pay off said loan and did not. These circumstances show that debtor did not intend to repay.

**Defendant denies the allegations in paragraph #7c.**

8. Debt(s) were incurred when the Debtor could not pay existing financial obligations as they became due.

**Defendant denies the allegations in paragraph #8.**

9. By incurring interest charges on said loan as described, the Debtor represented an intention orally and in writing that he would repay it.

**Defendant denies the allegations in paragraph #9.**

11. The Debtor, through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into loan agreement for valuable consideration, and in the absence of false pretense, false representation, and/or actual fraud by the Debtor, Plaintiff would not have entered into the loan agreement and incurred the losses attributable to the Debtor.

**Defendant denies all the allegations in paragraph #11.**

WHEREFORE, SAULIUS BERNOTAS, prays this Honorable Court enter an order dismissing this adversary and grant such other relief as may be deemed necessary and just.

/s/ Saulius V. Modestas
SAULIUS V. MODESTAS, ARDC #6278054
One of Debtor's Attorneys

Modestas Law Offices
25 E. Washington St., Ste. 1804
Chicago, IL 60602
A.R.D.C. No. 6278054
(312) 251-4460